**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN CHRISTOPHER SAUM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10CV 154 LMB |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this action, Plaintiff John Christopher Saum seeks judicial review of an adverse ruling by the Social Security Administration ("SSA") on his application for Supplemental Security Income pursuant to Title XVI of the Social Security Act. The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). Presently pending before the court is Defendant's Motion to Dismiss and Declaration of Patrick Herbst Filed in Support Thereof. (Doc. No. 13).

## BACKGROUND

Plaintiff filed his application for benefits on November 9, 2007, claiming a disability onset date of January 1, 2001. See Def's Ex. 1. On September 22, 2009, a hearing was held before an Administrative Law Judge ("ALJ"), who issued a decision on November 24, 2009, denying Plaintiff's claim for benefits. Id. Thereafter, plaintiff requested review of the ALJ's decision. In a Notice dated July 29, 2010, the Appeals Council informed plaintiff that it had denied his request for review, and that the ALJ's decision was thus the final agency action in the case. See Def's Ex.

2. The Notice also advised Plaintiff that he could seek judicial review within 60 days from when he received the Notice. Id.

On October 5, 2010, 68 days after the date of the Appeals Council Notice, plaintiff filed the instant action seeking judicial review of the Commissioner's final decision.

Defendant argues in his motion to dismiss that the instant action fails to state a claim upon which relief can be granted because it was not filed within sixty days after the presumptive receipt of notice by plaintiff of the Commissioner's final decision. Defendant contends that no circumstances exist in this case that justify equitable tolling of the 60-day requirement of Section 205(g). In support of his motion to dismiss, defendant submits the declaration of an SSA official, Patrick J. Herbst, who states that his examination of plaintiff's case file reveals that on July 29, 2010, the Appeals Council sent, by mail addressed to plaintiff, the notice of July 29, 2010. Mr. Herbst further states that he was not aware of any request for an extension of time to file a civil action.

In his Response to defendant's motion, plaintiff states that his Complaint was filed one day late. Plaintiff states that the 65th day fell on a Saturday, and that plaintiff therefore had until the following Monday, October 4, 2010, to file his Complaint. Plaintiff states that on Monday, October 4, 2010, plaintiff's attorney's secretary attempted to file the Complaint, but the Complaint was not filed with the court electronically until Tuesday, October 5, 2010, due to plaintiff's attorney's equipment malfunction. Plaintiff requests leave to file his Complaint out of time.

## **DISCUSSION**

Title 42 U.S.C. § 405(g) provides for judicial review of final decisions of the

Commissioner of Social Security and includes a 60-day statute of limitations for seeking such review. Pursuant to § 405(g),

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The relevant regulations provide that a civil action under § 405(g) "must be commenced within 60 days after notice of the Appeals Council decision is received by the individual . . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulations further provide that the date the individual receives notice is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id. Receipt of notice by either the claimant or the claimant's attorney, whichever occurs first, triggers the 60-day limitations period. Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003).

The 60-day time period is not jurisdictional, but rather constitutes a statute of limitations. Bowen v. City of New York, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481; 106 S.Ct. 2031. In the absence of equitable tolling, failure to comply with the 60-day limitations period warrants dismissal. Bess, 337 F.3d at 989; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

In this case, the Appeals Council issued a Notice of Decision dated July 29, 2010. The law presumes that plaintiff and counsel received this Notice within five days after its issuance, that

is, not later than August 3, 2010. Although plaintiff notes in his Response that plaintiff's attorney did not receive the Notice until August 7, 2010, he does not state that plaintiff did not receive the Notice within five days after its issuance. Plaintiff does not argue that defendant's motion should be denied due to the untimely receipt of the Notice. Rather, plaintiff appears to argue that equitable tolling should be applied.

Equitable tolling of the 60-day limitation period is allowed "in some cases," and specifically in those cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480, 106 S.Ct. 2022. Courts, including the Eighth Circuit, allow equitable tolling in situations where the plaintiff had actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where circumstances involved conduct by someone other than the plaintiff that was misleading such as where the plaintiff had been induced by the SSA's misconduct into allowing the filing deadline to pass. See Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994); Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988). Equitable relief, however, is typically extended "only sparingly," Medellin, 23 F.3d at 204, and tolling is not warranted when late filing is the result of a "garden variety" of excusable neglect by the plaintiff's attorney. Harris v. Chater, No. 95-1013, 1995 WL 620015, at *1 (8th Cir. Oct. 24, 1995) (unpublished per curiam) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990)).

Here, Plaintiff has provided no persuasive argument for equitable tolling in this case. Plaintiff's Complaint was due sixty days from the presumed receipt date of August 3, 2010, or October 2, 2010. As plaintiff notes, because October 2, 2010 fell on a Saturday, plaintiff's Complaint was due on Monday, October 4, 2010. Plaintiff claims that his attorney's secretary

attempted to file his Complaint electronically with the court on October 4, 2010, but due to plaintiff's attorney's "equipment malfunction," the Complaint was not filed until October 5, 2010.

Plaintiff has demonstrated neither extraordinary circumstances nor due diligence. Plaintiff does not allege that the Commissioner or anyone else did anything to mislead him. Rather, plaintiff's Complaint was filed one day late because plaintiff's attorney did not attempt to file it until the day upon which it was due and allegedly experienced computer "equipment malfunction." Plaintiff's counsel could have avoided this problem by filing the Complaint earlier. Attorney negligence simply does not constitute the extraordinary circumstances necessary to equitably toll the statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 13) be and it is **granted**.

A separate Judgment shall accompany this Memorandum and Order.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this 31stday of May, 2011.